UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LVNV FUNDING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00437-JPH-MG |
| | ) |
| MARCUS L. PECK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**I.    Denying *in forma pauperis* status**

Defendant Marcus Peck filed a motion to proceed *in forma pauperis* status. Dkt. [2]. The Court has the authority to allow a plaintiff to proceed *in forma pauperis* upon finding that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). While a plaintiff does not need to show that he is "absolutely destitute" to qualify under § 1915(a), *see Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion, Mr. Peck states his total monthly wages, with garnishment, is $4,518.00, or $6,060 without garnishment, while his spouse has a monthly income of $2,000-$4,000. Dkt. 2. He owns a home valued at approximately $400,000 and a car valued at approximately $35,000. *Id.* While

Mr. Peck also listed monthly expenses and other monetary obligations, it appears from his motion that he does not fall within the class of "truly impoverished litigants" that should enjoy the privilege of proceeding *in forma pauperis*. Consequently, Mr. Peck's motion is **denied without prejudice**. Dkt. [2]. However, Mr. Peck will be permitted to make partial payments toward the satisfaction of the filing fee, rather than prepay the full amount.

## II. Order to show cause

Mr. Peck removed this case from Hendricks Superior Court. Dkt. 1. Because it does not appear that the Court has jurisdiction over this suit, Mr. Peck shall have **until June 13, 2025** to **show cause** why the case should not be remanded for lack of subject-matter jurisdiction.

Federal courts are of limited jurisdiction, so "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Mr. Peck states that the Court has federal question jurisdiction because the Plaintiff's claims "invoke federal law under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.," and pleads counterclaims under the FDCPA and FCRA. Dkt. 1 at 3–4; dkt. 1-1 at 1–2.

When a case is removed to federal court, however, jurisdiction is determined "by looking at the complaint *as it existed at the time the petition for removal was filed.*" *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of

the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Mr. Peck included a copy of the operative complaint with his notice of removal. *See* 42 U.S.C. § 1446; S.D. Ind. L. R. 81-2(d). The complaint alleges that Mr. Peck utilized a charge account or line of credit, failed to make the minimum payments, and now owes Plaintiff the amount due. Dkt. 1-1 at 8. The complaint does not allege any violation of federal law or the federal constitution. *See id.*; 28 U.S.C. § 1331. Based on the complaint it does not appear that the Court has federal question jurisdiction over this lawsuit. And Mr. Peck's federal law counterclaims cannot provide a basis for removal, as the removal statute "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019).

For these reasons, it does not appear that this Court can exercise subject-matter jurisdiction over this lawsuit and the case should likely be remanded to state court. 28 U.S.C. § 1447(c) (if at any time the court lacks subject-matter jurisdiction, "the case shall be remanded.").

Because the "party seeking removal has the burden of establishing federal jurisdiction," *Schur*, 577 F.3d at 758, Mr. Peck shall have **until June 13, 2025**, to show cause why this case should not be dismissed to lack of subject-matter jurisdiction. If Mr. Peck fails to respond by that date or fails to

cure the defects identified in this order, the case will be remanded to state court.

**SO ORDERED.**

Date: 5/23/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARCUS L. PECK
3180 Emmaline Drive
Brownsburg, IN 46112-5806

All electronically registered counsel