UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LVNV FUNDING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00437-JPH-MG |
| | ) | |
| MARCUS L. PECK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Marcus Peck removed this case to federal court in March 2025.  Dkt. 1.  Because the state court complaint did not appear to allege any violation of federal law or the federal constitution, the Court ordered Mr. Peck to show cause why it should not be remanded for lack of subject-matter jurisdiction.  Dkt. 10.  Mr. Peck has now responded to that order.  Dkt. 13.

First, Mr. Peck argues removal was proper because he asserts "counterclaims and defenses" under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").  Dkt. 13 at 2.  But neither federal law counterclaims nor federal defenses can provide a basis for removal.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019).

Next, Mr. Peck "challenges the constitutionality and facial application of state statutes and procedures" that allow entities like the Plaintiff to pursue debt collection actions.  Dkt. 13 at 3.  He also seeks certification to the Attorney General under Federal Rule of Civil Procedure 5.1 and 28 U.S.C. §

1

2403. *Id.* at 5. But Mr. Peck does not identify what statutes or procedures he believes violate the Constitution, or explain how such a constitutional challenge would confer federal jurisdiction here rather than constitute a counterclaim or defense, which—as noted above—do not provide bases for removal. *Caterpillar*, 482 U.S. at 393; *Home Depot*, 587 U.S. at 441–42.

Third, Mr. Peck complains about the "repeated and unchecked use of Indiana's courts by out-of-state debt buyers to oppress local residents." Dkt. 13 at 3. But even if the Court were to assume such "systemic misuse" were occurring, it is unclear how it is relevant to the current action, how it would confer federal jurisdiction, or what type of federal intervention Mr. Peck seeks.[1]

Last, Mr. Peck raises "due process and Article III concerns" and argues that "[w]hen courts deny litigants the opportunity to raise valid federal claims or defense, or remand without due review, it constitutes a denial of due process and raises a concern over judicial integrity." Dkt. 13 at 4. But federal courts are of limited jurisdiction, and "may not exercise jurisdiction absent a statutory basis." *Home Depot*, 587 U.S. at 437. And if at any time the court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). Mr. Peck is permitted to raise counterclaims or defenses in state court, and the Court gave him an opportunity to show cause as to why federal jurisdiction exists and has now considered all the arguments he has made against remand.

---

[1] Mr. Peck provides a quote purportedly from *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 791 (1975) in support of this argument, but it does not appear that that quote is from the cited case.

2

Despite Mr. Peck's assertions to the contrary, however, there is no federal subject matter jurisdiction here.

For the above reasons, the Court does not have subject matter jurisdiction over this case. Accordingly, this case must be **REMANDED** to Hendricks Superior Court.

**SO ORDERED.**

Date: 7/8/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARCUS L. PECK

3180 Emmaline Drive

Brownsburg, IN 46112-5806

All electronically registered counsel